IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GULFPORT ENERGY CORPORATION,** § | |
| § | **CASE NO. 2:20-cv-02469** |
| Plaintif, § | |
| § | |
| v. § | |
| § | |
| **SHUGERT FAMILY INVESTMENTS, LLC,** § | |
| § | |
| Defendant. § | |

### DEFENDANT'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD

Defendant, Shugert Family Investments, LLC (the "Defendant"), files this Answer and states as follows.

### RESPONSES TO ALLEGATIONS

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 and therefore deny them.

2. In response to paragraph 2, Defendant admits the Shugert Arbitration addressed and resolved claims relating to the specific oil and gas leases at issue and denies that it addressed or resolved issues of Ohio law.

3. In response to paragraph 3, Defendant denies it was formerly known as K & S Shugert Family Farm Limited Partnership and denies K & S Shugert Family Farm Limited Partnership was a party to the Shugert Arbitration.  Further answering, Defendant admits the remaining allegations.

4. In response to paragraph 4, Defendant admits the parties jointly selected the arbitrator, but denies the remaining allegations for lack of knowledge.

5. In response to paragraph 5, Defendant admits the document referenced therein speaks for itself. Answering further, Defendant denies that Plaintiff is entitled to have the award publicly confirmed because said award was explicitly marked as confidential within the arbitration and Defendant has not consented to removal of that confidential designation.

6. In response to paragraph 6, Defendant admits the statute referenced therein speaks for itself and admits that Plaintiff alleges that it filed its petition under that statute.

7. In response to paragraph 7, Defendant states that it sets forth legal conclusions to which no response is required. If a response is required, Defendant admits the cases cited therein speak for themselves.

8. In response to paragraph 8, Defendant states that it sets forth legal conclusions to which no response is required. If a response is required, Defendant admits the case and statute cited therein speak for themselves.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 and therefore denies the same.

10. In response to paragraph 10, Defendant denies it was formerly known as K & S Shugert Family Farm Limited Partnership and denies K & S Shugert Family Farm Limited Partnership was a party to the Shugert Arbitration.  Further answering Defendant admits the remaining allegations. Defendant denies that K & S Shugert Family Farm Limited Partnership is appropriately included within the "Shugerts" and each of its responses herein will be on behalf of itself and exclude K & S Shugert Family Farm Limited Partnership.

11. In response to paragraph 11, Defendant denies there is an amount in controversy in this case given the outcome of the Shugert Arbitration and denies the remaining allegations based on lack of knowledge.

12. In response to paragraph 12, Defendant denies that Plaintiff is entitled to have the arbitration award confirmed as it is presented to this Court, but admits that venue would be appropriate if Plaintiff were permitted to file the petition.

13. In response to paragraph 13, Defendant admits that it acquired the oil and gas rights subject to the oil and gas leases referenced therein.  Further answering, Defendant denies the remaining allegations.

14. In response to paragraph 14, Defendant admits the leases speak for themselves.

15. In response to paragraph 15, Defendant admits the leases speak for themselves.

16. In response to paragraph 16, Defendant denies that Plaintiff could sell hydrocarbons at or near the wellhead and admits the remaining allegations.

17. In response to paragraph 17, Defendant denies that the "wellhead price is based on the same price Gulfport receives from third parties for the sales of residue gas and natural gas liquids." Further answering Defendant admits the remaining allegations.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant admits the allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23.

24. In response to paragraph 24, Defendant denies that each of the orders was in Plaintiff's favor.  Further answering, Defendant admits the remaining allegations.

25. Defendant admits the allegations in paragraph 25.

26. In response to paragraph 26, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

27. In response to paragraph 27, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

28. In response to paragraph 28, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

29. In response to paragraph 29, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

30. In response to paragraph 30, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

31. In response to paragraph 31, Defendant denies that Plaintiff is permitted to publicly file or quote from the confidential order and admits the document speaks for itself.

32. In response to paragraph 32, Defendant admits the document speaks for itself.

33. As to the petition's footnotes, Defendant denies them on the basis that they are not contained within numbered allegations within the body of the petition.

60. Defendant denies that Plaintiff is entitled to the relief sought against Defendant in the prayer for relief.

## **DEFENSES**

Subject to its responses stated above, and without waiving same, Defendant states the following defenses and affirmative defenses.

61. Plaintiff's petition fails to state a claim upon which relief may be granted.

62. Plaintiff's claim is barred by the plain language of the parties' contract.

63. Plaintiff's claims are barred because Defendant did not consent to confirmation.

64. Plaintiff has failed to join all necessary and indispensable parties.

65. Plaintiff has filed or quoted from certain documents in violation of their confidential designations.

66. Defendant reserves its right to amend or supplement their affirmative defenses as they obtain additional information through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss the Plaintiff's Petition with prejudice, award Defendant its attorneys' fees and costs reasonably expended in this case, and grant all other relief of any nature to which Defendant may show itself justly entitled.

Dated: July 20, 2020                               Respectfully submitted,

By:   *s/ Scott M. Zurakowski*
Scott M. Zurakowski (0069040)
Matthew W. Onest (0087907)
KRUGLIAK, WILKINS, GRIFFITHS &
DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio 44735-6963
Telephone: (330) 497-0700
Facsimile: (330) 497-4020
szurakowski@kwgd.com;
monest@kwgd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, a true and correct copy of the foregoing was served via electronic means to all parties entitled to receive notice in this case through the Court's ECF system.

*s/ Scott M. Zurakowski*
Scott M. Zurakowski (0069040)

02690046-2 / 27931.00-0001                               5